# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER D. ANDERSON, JR., a minor, By and through his parent and natural guardian, SHANNON ANDERSON, | CIVIL DIVISION<br><br>No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| FISHER-PRICE, INC., and MATTEL, INC., | |
| Defendants. | |

Filed on behalf of Plaintiff

Counsel of Record for this Party:

Wayne M. Chiurazzi, Esquire
Pa I.D. # 63595

Chiurazzi and Mengine, LLC
101 Smithfield Street
Pittsburgh, PA 15222

(412) 434-0773
wchiurazzi@the-attorneys.com

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER D. ANDERSON, JR., a minor, | CIVIL DIVISION |
| By and through his parent and natural | |
| guardian, SHANNON ANDERSON, | No.: |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| FISHER-PRICE, INC., and | |
| MATTEL, INC., | |
| | |
| Defendants. | |

## **NOTICE TO DEFEND**

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

ALLEGHENY COUNTY LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER D. ANDERSON, JR., a minor, By and through his parent and natural guardian, SHANNON ANDERSON, | CIVIL DIVISION<br><br>No.: |
| Plaintiff, | |
| v. | |
| FISHER-PRICE, INC., and MATTEL, INC., | |
| Defendants. | |

## COMPLAINT

AND NOW, comes the Plaintiff, Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson, and by and through his attorneys, Chiurazzi and Mengine, LLC, and Wayne M. Chiurazzi, Esquire and files the within Complaint and in support thereof avers the following:

1. The Plaintiff, Christopher D. Anderson, Jr., is a minor whose parent and natural guardian is Shannon Anderson, and he resides with her as such at 2499 Driftwood Drive, Allegheny County, Bethel Park, PA 15102.

2. The Defendant, Fisher-Price, Inc., is a New York corporation with a registered office address at 636 Girard Avenue, East Aurora, NY 14052 (hereinafter referred to as "Fisher-Price" and/or collectively as "Defendants").

3. The Defendant, Mattel, Inc., is a California corporation with a registered office address at 333 Continental Boulevard, El Segundo, CA 90245-5102 (hereinafter referred to as "Mattel" and/or collectively as "Defendants").

4. Defendant, Fisher-Price is a wholly owned subsidiary of Mattel, Inc.

5. At all times herein, Defendants manufactured, produced, marketed and distributed a children's toy called "Rescue Heroes Action Figure."

6. On or about January 4, 2003, the minor Plaintiff, 4 years old at the time, was playing with the Rescue Heroes Action Figure, in its intended manor, when he was able to remove the battery compartment cover.

7. Minor Plaintiff, removed the battery and the battery became lodged in minor Plaintiff's nose, and subsequently said battery leaked, causing severe injuries more fully outlined below.

## COUNT I – NEGLIGENCE

**Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson v. Fisher-Price, Inc., and Mattel, Inc.**

8. The Plaintiff hereby incorporates each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

9. All of the resultant losses, injuries and damages sustained by the Plaintiff, Christopher D. Anderson, Jr., resulted directly and proximately from the reckless, wanton and/or negligent conduct of the Defendants, in the following particulars:

   a. failing to furnish said Action Figure unit with an adequate or proper warning of the danger of said battery;

   b. failing to properly and adequately provide protective devices and safety features on the product to prevent such injuries;

   c. failing to properly design the product in order to avoid such injuries;

d. failing to adequately assemble and fabricate the product in order to provide a safe product;

e. failing to properly and adequately manufacture the product in order to provide a safe product;

f. failing to provide adequate warnings or cautions or directions concerning the dangers and limitations of the product;

g. failing to properly and adequately design or fabricate or manufacture or sell or label or supply the product in a safe condition;

h. failing to adequately and properly test and inspect the product in order to provide a safe product;

i. failing to provide or establish or follow proper and adequate quality control methods in the manufacture of the product so as to provide a safe product;

j. failing to keep abreast of the state of the art in science, engineering and specific machine industry in connection with the design of the product;

k. failing to disclose to purchasers or users that the product was defectively and unreasonably designed, thereby making it dangerous to use;

l. failing to properly and adequately mark the product so that users would be aware of the potential ability of a child to access the battery compartment;

m. failing to properly design and manufacture the product to insure that a child could safely use such product;

n. failing to adequately, properly and completely supervise its personnel in the manufacture and assembly of the product;

o. failing to properly and adequately test or inspect the product in order to insure its battery would not leak; and

p. failing to use that degree of care, skill, foresight and caution required under the circumstances and/or by law.

10. As the sole, direct, legal and proximate result of the Defendants' conduct, as more fully stated above, the Plaintiff, Christopher D. Anderson, Jr., a minor, suffered the following injuries:

a. Battery acid burns to right nostril;

b. Chronic sinusitis, chronic headaches;

c. Underwent endoscopic sinus surgery;

d. Removal of nasal septal button;

e. Adenoidectomy procedure;

f. Continual infection due to the acid burns;

g. Removal of teeth due to said infection; and

h. General loss of vitality and good health.

11. As the sole, direct, legal and proximate result of the Defendants' conduct, as stated more fully above, the Plaintiff, Christopher D. Anderson, Jr., a minor, has sustained the following damages:

a. He has suffered and will continue to suffer great pain, suffering, mental anguish, embarrassment and inconvenience;

b. He has been deprived of the ordinary pleasures of life;

c. He had to undergo medical treatment;

d. He has incurred medical bills for medical treatment; and

e. He has been unable to perform his normal daily activities.

WHEREFORE, the Plaintiff, Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson, demands judgment in his favor and against the Defendants, Fisher-Price, Inc., and Matell, Inc., for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT II – BREACH OF WARRANTY

**Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson v. Fisher-Price, Inc., and Mattel, Inc.**

12. The Plaintiff hereby incorporates each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

13. All of the resultant losses, damages and injuries sustained by minor Plaintiff resulted directly and proximately from the Defendants' breach of express and implied warranties of merchantability and/or fitness for a particular purpose in the following particulars:

    a. Defendants did not have the product adequately, properly and timely tested prior to its use;

    b. the product was not of fair, average quality in the trade in which defendant dealt;

    c. the product was not fit for ordinary purpose for which the product is customarily used;

    d. the Defendants knew or should have known that the product was dangerous and likely to cause damage to users;

    e. the product was not of merchantable quality and was not in conformity, insofar as safety is concerned, with products used in a normal course of business;

    f. the Defendants knew or should have known that in order to make the product safe for use, it should have been provided with appropriate safety devices and/or safety features;

    g. the Defendants knew or should have known, that due to the inherently dangerous nature of the design of the product, it should have provided warnings on the product to protect users;

    h. that the product was not properly and adequately tested and inspected by the Defendants in order to provide a safe product;

    i. the Defendants did not provide, establish or follow proper and adequate quality control methods in the manufacture of the product

        so as to provide a safe product;

j.    the Defendants did not keep abreast of the state of the art in the science and engineering of the industry involving labeling and/or construction of the product;

k.    the Defendants did not disclose to the users of the product, such as Plaintiff, that the product was defectively and/or unreasonably designed, thereby making the product dangerous to use;

l.    the Defendants knew or should have known that Plaintiff was relying upon the expertise of the Defendants in designing, fabricating, manufacturing, labeling and/or supplying the product;

m.    in expressly or impliedly warranting that the product was properly and/or adequately tested and inspected when the same was not true;

n.    in expressly or impliedly warranting that the product was safe for use;

o.    in expressly or impliedly misrepresenting that the product was safe for use; and

p.    in expressly or impliedly warranting that the product was safe for use in compliance with the safety standards of the industry and of the federal government and the state, county and city governments insofar as said safety standards govern the design, fabrication and manufacture of said products.

14.    As a direct and proximate result of the breach of these express and implied warranties, the minor Plaintiff, Christopher D. Anderson, Jr., has suffered the injuries set forth in aforementioned paragraphs.

15.    As a result of the above injuries, the Plaintiff has sustained the damages set forth in the aforementioned paragraphs.

WHEREFORE, the Plaintiff, Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson, demands judgment in his favor and against the Defendants, Fisher-Price, Inc., and Matell, Inc., for an amount in

excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT III - STRICT LIABILITY

**Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson v. Fisher-Price, Inc., and Mattel, Inc.**

16. The Plaintiff hereby incorporates each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

17. All of the resultant losses, damages, and injuries sustained by the Plaintiff resulted directly and proximately from the conduct of the Defendants subjecting it to strict liability in tort in the following particulars:

   a. the Defendants, in regular course of manufacturing, designing, and fabricating the machinery, placed the product in the chain of commerce where it would be purchased and used by the Plaintiff;

   b. Defendants, in the regular course of manufacturing, designing and fabricating machinery, placed the product in the stream of commerce in an unreasonably dangerous condition;

   c. Defendants placed the product in the stream of commerce in the same condition in which the Defendants tested, manufactured, designed and inspected the same;

   d. the defective condition of the product, which defective condition caused the Plaintiff's injuries, existed at the time Defendants tested, inspected, manufactured and fabricated the product;

   e. the defective condition of the product proximately caused the incident and the injuries sustained by the Plaintiff; and

   f. at the time of accident, Plaintiff was using the product as intended by the Defendants.

18. As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered the injuries set forth in aforementioned paragraphs.

19. As a result of the above injuries, Plaintiff sustained the damages set forth

in the aforementioned paragraphs.

WHEREFORE, the Plaintiff, Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson, demands judgment in his favor and against the Defendants, Fisher-Price, Inc., and Matell, Inc., for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

## COUNT IV – JOINT AND SEVERALLY LIABILITY

**Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson v. Fisher-Price, Inc., and Mattel, Inc.**

20. The Plaintiff hereby incorporates each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

21. As the sole, direct, legal and proximate result of the joint and/or several negligence of the Defendants as aforesaid, the Plaintiff has sustained the injuries and damages previously set forth.

WHEREFORE, the Plaintiff, Christopher D. Anderson, Jr., a minor, by and through his parent and natural guardian, Shannon Anderson, demand judgment in his favor and against the Defendants, Fisher-Price, Inc., and Matell, Inc., for an amount in excess of the applicable arbitration limits, exclusive of interest and costs.

        Respectfully submitted,

        Chiurazzi and Mengine, LLC

        __s/Wayne M. Chiurazzi____
        Wayne M Chiurazzi, Esquire
        Attorney for Plaintiff

**VERIFICATION**

I, Shannon Anderson, the undersigned, as parent and natural guardian of minor Plaintiff, Christopher D. Anderson, Jr., do hereby acknowledge and verify that the statements made in the foregoing Complaint in Civil Action are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Date

_____
Shannon Anderson
Parent and natural guardian
of Christopher D. Anderson, Jr.